# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PENDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-884 |
| v. ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Keith Pesto |
| JUDGE RANDAL B. TODD, Allegheny ) | |
| County Court of Common Pleas Judge, ) | |
| STEPHEN A. ZAPPALA, JR., Allegheny ) | |
| County District Attorney, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

In this pro se prisoner civil rights action, Plaintiff Michael Pendleton attempts to bring § 1983 claims against District Attorney Stephen A. Zappala, whose office prosecuted him in the 1990's and the Hon. Randal B. Todd, who resentenced him in 2018. (Docket No. 1). Plaintiff's Complaint was received by the Clerk of Court on June 18, 2024, without the necessary filing fees or an accompanying motion to proceed in forma pauperis. (Docket No. 1). United States Magistrate Judge Keith Pesto proceeded to screen the Complaint preservice pursuant to 28 U.S.C. § 1915A and filed a Report and Recommendation on June 24, 2024, recommending that the complaint be dismissed for failure to state a claim and leave to amend be denied, as futile, and directed that any objections be submitted within 14 days. (Docket No. 3). Thereafter, Plaintiff filed a motion seeking an extension of time to submit objections, an amended complaint with various attachments, and a motion to supplement the amended complaint with an additional exhibit. (Docket Nos. 4, 5, 6). Upon consideration of these submissions, Magistrate Judge Pesto issued a Memorandum Order on August 20, 2024 denying Plaintiff's motions, without prejudice,

and instructed the Clerk of Court to mark the case administratively closed until Plaintiff pays the filing fee or submits a motion to proceed in forma pauperis along with his inmate account statement. (Docket No. 7).

This case was subsequently reassigned to the undersigned for prompt disposition of the matter. (Docket No. 8). To date, Plaintiff has taken no further action with respect to this case and has neither paid the filing fee nor submitted a motion to proceed in forma pauperis, despite having initiated this action seven months ago and been reminded of his duty to do so five months ago. *See Pendleton v. Todd, et al.*, Civ. A. No. 2:24-884, *Docket Report*. Given such inaction, and after careful consideration of the relevant factors under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Court will dismiss this matter, without prejudice, for failure to prosecute. The Court briefly considers each of the *Poulis* factors, in turn.

First, Plaintiff is representing himself pro se and is personally responsible for litigating all aspects of this case, including submitting the filing fee or a properly supported motion to proceed in forma pauperis. *See Price v. Erie Cnty. Courthouse*, No. 1:23-CV-00025-SPB-RAL, 2024 WL 4252064, at *2 (W.D. Pa. July 17, 2024), *report and recommendation adopted*, Civ. No. CV 23-25, 2024 WL 4252061 (W.D. Pa. Sept. 20, 2024) ("Because Price proceeds pro se, he is solely responsible for his own conduct, including his failure to properly adhere and respond to the Court's orders."). Second, the Complaint has neither been filed by the Clerk nor served on Defendants such that they have not been prejudiced by any delays. *See Parker v. Graci*, 2017 WL 5986469, at *2 (M.D. Pa. Nov. 2, 2017). Third, the record demonstrates a history of dilatoriness by Plaintiff because he has let this matter languish for several months without taking any action. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 135 (3d Cir. 2019) ("'extensive' delay can create a history of dilatoriness.").

Fourth, Plaintiff has not provided any explanation for his continuing failure to either pay the filing fee or submit an in forma pauperis motion. *See Docket Report*. As such, the Court cannot presently conclude that his failure to do so is willful. However, as the Magistrate Judge points out, he is a veteran pro se litigator and well-aware of these requirements from his past cases. (Docket No. 7). Fifth, there are no other effective sanctions short of dismissal given that he is pro se and has not paid the filing fee or submitted the motion to proceed in forma pauperis. *See, e.g., Whitney v. Barkley,* Civ. A. No. 10–1705, 2011 WL 1230351, at *2 (W.D. Pa. Feb. 9, 2011) ("Plaintiff is proceeding pro se and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply."). Sixth, Plaintiff's Complaint lacks merit for the reasons set forth by the Magistrate Judge in the Report and Recommendation and would be dismissed if he submitted the motion to proceed in forma pauperis or paid the filing fee. (Docket Nos. 3, 7). If anything, it appears that the Magistrate Judge's issuance of the Report and Recommendation and the later Memorandum Order advising Plaintiff that this case will be dismissed if he pays the filing fee or files the motion to proceed in forma pauperis have dissuaded Plaintiff from further pursuing this action. (*See id.*).

In this Court's estimation, the first, third, fifth and six factors favoring dismissal strongly outweigh the remaining factors which are either neutral or support maintaining the action. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) ("None of the *Poulis* factors is alone dispositive, and ... not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution."). Simply put, this case cannot proceed without Plaintiff paying the filing fee or submitting a motion to proceed in forma pauperis and his failure to take these basic steps for several months indicates that dismissal, without prejudice, is appropriate. *See e.g., Rohn v. Johnston*, 415 F. App'x. 353, 355 (3d Cir. 2011) (affirming District Court's dismissal for failure

to prosecute where plaintiff did not pay the filing fee nor submit the required affidavit of poverty supporting the in forma pauperis motion).

      For all of these reasons, the Court adopts the Report and Recommendation, in part, to the extent that the Court adopts its reasoning for the sixth *Poulis* factor and will dismiss Plaintiff's Complaint, without prejudice, for failure to prosecute. An appropriate Order follows.

                                       *s/Nora Barry Fischer*
                                       Nora Barry Fischer
                                       Senior U.S. District Judge

Dated: January 22, 2025

cc/ecf: U.S. Magistrate Judge Keith Pesto

cc:     Michael J. Pendleton
          DY-1646
          SCI Somerset
          1590 Walters Mill Road
          Somerset, PA 15510-0001
          (via first class mail)